IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SCOTT AUER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. Act. No. 08-528-JJF |
| | : | |
| LANIER WORLDWIDE, INC., | : | |
| | : | |
| Defendant. | : | |

Kenneth E. Aaron, Esquire of WEIR & PARTNERS, LLP, Wilmington,
Delaware.

Attorney for Plaintiff.

Gary F. Traynor, Esquire and J. Clayton Athey, Esquire of
PRICKETT, JONES & ELLIOTT, P.A., Wilmington, Delaware.

Attorneys for Defendant.

**MEMORANDUM ORDER**

July 𝒹𝒫, 2009
Wilmington, Delaware

Farnan District Judge

Pending before the Court is a Motion To Stay (D.I. 5) filed by Defendant, Lanier Worldwide, Inc. ("Lanier") requesting the Court to stay this action, filed by Plaintiff, Scott Auer ("Auer"), seeking enforcement of a judgment entered in Auer's favor by the Labor Court of Brussels, Belgium. For the reasons discussed, the Court will deny the Motion.

## I.    BACKGROUND

Auer was an employee of Lanier assigned to a position in Brussels. Auer contends that Lanier constructively discharged him in April 2006, and thereafter, Auer filed an action against Lanier for breach of an employment contract in the Labor Court of Brussels (the "Labor Court"). In July 2008, the Labor Court issued a judgment in favor of Auer awarding him 472,564.13 Euros, plus interest (the "Judgment"). The Labor Court of Brussels also ordered the "provisional enforcement of the judgment herein notwithstanding any recourse, and without security."

In August 2008, Auer filed this action against Lanier pursuant to the Delaware Uniform Foreign Money-Judgments Recognition Act, 10 Del. C. § 4801, seeking to enforce the July 2008 Judgment of the Labor Court. Before filing its Answer to the Complaint, Lanier filed the instant Motion To Stay under 10 Del. C. § 4806. Since that time, both Lanier and Auer have filed appeals of the Labor Board's Judgment.

1

## II.  THE PARTIES' CONTENTIONS

By its Motion, Lanier contends that the Court should exercise its discretion to stay this action under 10 Del. C. § 4806, because both Lanier and Auer have appealed the Labor Board's Judgment.  More specifically, Lanier argues that Auer's appeal of the judgment *requires* a stay because a litigant should not be permitted to accept the benefit of a judgment while simultaneously challenging the unfavorable portions of that judgment.  Auer has appealed two issues under the Judgment (1) the propriety of the Labor Court's ruling that Lanier may post a bond on appeal of the provisional Judgment rather than pay the Judgment directly to Auer, and (2) the Labor Court's ruling regarding the limitation of tax equalization compensation chargeable to Lanier.

Lanier contends that if Auer is successful on appeal, he would then need to separately enforce any modifications to the Judgment ordered by the Belgium Labor Court of Appeals, a result which is inconsistent with principles of judicial efficiency and economy.  Lanier also points out that if the Court does not stay this action and Lanier obtains a reversal of the Labor Court's Judgment, then additional litigation will be required between the parties for Lanier to recover the amounts it overpaid to Auer.

With respect to the issue of whether a bond should be posted, Lanier contends that the Labor Court of Appeals must, in

2

the first instance, decide whether the judgment may be provisionally satisfied by posting a bond. Lanier contends that by seeking to enforce the Judgment before Auer's appeal is decided, Auer is essentially attempting to achieve a direct payment to him, a result which would conflict with the Labor Court's Order. Thus, Lanier contends that this action is premature and should be stayed.

In response, Auer contends that the two aspects of the Judgment he appealed are "unrelated" to the amount owed by Lanier under the Judgment. Auer contends that the Labor Court granted the "extraordinary relief of provisional enforcement against Lanier" to avoid the expectation that Lanier would file a "dilatory appeal" in light of Lanier's "lack of conciliation." (D.I. 6 at 5.) Auer contends that the Judgment is entitled to full faith and credit in the United States and that Lanier's arguments concerning judicial efficiency and economy lack merit absent some "compelling justification" for a stay. (Id. at 6-7.)

Auer has also filed a Sur-Reply, which is the subject of a Motion To Strike filed by Lanier and a Nunc Pro Tunc Motion For Court Approval To File Sur-Reply Brief filed by Auer. In its Sur-Reply, Auer takes issue with three of the cases cited by Lanier. Auer contends that Lanier did not disclose that there is a circuit split on the issue of whether a supersedeas bond must be posted under Federal Rule of Civil Procedure Rule 62(d) to

stay execution of a money judgment even where the prevailing
party appeals, and that the majority view requires the posting of
a bond.

**III. DISCUSSION**

As a threshold matter, the Court begins with the issues
surrounding the filing of Auer's Sur-Reply Brief.  Auer contends
that the filing of its Sur-Reply Brief is necessary to respond to
"an entirely new issue" not raised in Lanier's Opening Brief
"i.e. the lack of the requirement for the losing party to file a
bond on appeal if the prevailing party appeals," and Lanier's
failure to inform the Court of a circuit-split related to this
issue.  A careful review of Lanier's Reply Brief, however,
reveals that it did not raise the cases Auer distinguishes in its
Sur-Reply for the proposition Auer cites.  Rather, Lanier raised
those case for the proposition that "[a]n appeal of a judgment by
a prevailing party suspends enforcement of the judgment when the
theory of the appeal is inconsistent with the enforcement in the
interim."  (D.I. 7 at 2.)  This issue was not newly raised in
Lanier's Reply Brief, as Lanier specifically referenced the fact
that "Auer himself has appealed the Judgment issued by the Labor
Court of Brussels" as a reason for the Court to stay this action.
In its Reply Brief, Lanier expands on that argument with the
citation of the three cases Auer refers to in his Sur-Reply;
however, Lanier's discussion of those cases has nothing to do

4

with the filing of a supersedeas bond. In fact, Auer is the party who first raised the issue of a supersedeas bond in a footnote in his Answering Brief by comparing this case, by analogy, to the requirements of Federal Rule of Civil Procedure 62(d).

Although the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware do not authorize the filing of a surreply brief without court approval, the Court will allow Auer's Sur-Reply Brief to stand, because regardless of the issue of a supersedeas bond, the Court finds the brief helpful to generally informing the issue of what impact a prevailing party's appeal has on the execution of a judgment. Accordingly, the Court will deny Lanier's Motion To Strike and grant Auer's Nunc Pro Tunc Motion For Court Approval To File Sur-Reply Brief.

As for the parties' substantive arguments regarding whether a stay of this action is appropriate, the Court concludes in the exercise of its discretion, that a stay at this juncture is not appropriate. Delaware has adopted the Uniform Foreign Money-Judgments Recognition Act. This act "applies to any foreign judgment that is final and conclusive and enforceable where rendered even though an appeal therefrom is pending or it is subject to appeal." 10 Del. C. § 4802. The Act goes on to explain that, except for certain grounds of non-recognition

enumerated by statute, a foreign judgment "is conclusive between the parties to the extent that it grants or denies recovery of a sum of money. The foreign judgment is enforceable in the same manner as the judgment of a sister state which is entitled to full faith and credit." 10 Del. C. § 4803. The foregoing notwithstanding, however, the Act provides:

> If the defendant satisfies the Court either that an appeal is pending or that the defendant is entitled and intends to appeal from the foreign judgment, the Court may stay the proceedings until the appeal has been determined or until the expiration of a period of time sufficient to enable the defendant to prosecute the appeal.

10 Del. C. § 4806. The Court has been unable to locate any Delaware cases specifically applying this provision; however, as a general matter, the Court's decision to stay a case pending appeal is guided by the same factors that apply to a grant of injunctive relief. Specifically, the moving party must establish: (1) a strong showing of likelihood of success on the merits, (2) irreparable harm absent a stay, (3) that issuance of the stay will not substantially injure the other parties to the proceeding, and (4) that a stay is in the public interest. See, e.g., Republic of Phillippines v. Westinghouse Elec. Corp., 949 F.2d 653, 658 (3d Cir. 1991).

Lanier has not made a sufficient showing on these prongs, but contends that a stay is required because Auer, as the prevailing party, has also filed an appeal of the Judgment. The

6

majority view suggests that a "[a] prevailing party's appeal suspends the enforcement of the judgment only when the theory of the appeal is inconsistent with enforcement in the interim." BASF Corp. v. Old World Trading Co., 979 F.2d 615, 617 (7th Cir. 1992). Auer has appealed the tax consequences of his Judgment and the propriety of the Labor Court's ruling that Lanier may post a bond on appeal of the Judgment rather than pay the Judgment directly to Auer. In the Court's view, Auer's appeal is not inconsistent with the potential enforcement of the Judgment here. Auer's appeal may result in an increase in the amount awarded to him, but it does not seek to overturn the Judgment of the Labor Court. Further, the issue of bond does not, in the Court's view, strike at the heart of the Judgment. Accordingly, the Court concludes that Lanier has not demonstrated that a stay of this action is necessary.

## IV. CONCLUSION

For the reasons discussed, the Court will deny Lanier's Motion To Stay and its Motion To Strike. Auer's Nunc Pro Tunc Motion For Court Approval To File Sur-Reply Brief (D.I. 12) will be granted.

An appropriate Order will be entered.